IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMESON YOUNG : <br> 715 Central Avenue : CIVIL ACTION <br> Westville, New Jersey 08093 : <br> : No. _____ <br> *Plaintiff,* : <br>     v. : JURY TRIAL DEMANDED <br> : <br> SOUTHEASTERN PENNSYLVANIA : <br> TRANSPORTATION AUTHORITY : <br> 1234 Market Street : <br> Philadelphia, Pennsylvania 19107 : <br> : <br> *Defendant.* : <br> : | |

## CIVIL ACTION COMPLAINT

The above-named Plaintiff, by and through the undersigned counsel, hereby avers as follows:

### I.     Introduction

1. Plaintiff Jameson Young (hereinafter "Plaintiff") seeks relief for violations of the provisions of the Pennsylvania Whistleblower Act (43 P.S. §§ 1421–1431), 42 U.S.C. § 1981, and other applicable law by Defendant Southeastern Pennsylvania Transportation Authority (hereinafter "Defendant").

### II.     Parties

2. Plaintiff is an adult individual and citizen of the State of New Jersey with a residence at the above address.

3. At all times relevant herein, Plaintiff was an "Employee" and a "Whistleblower" as those terms are defined in 43 P.S. § 1422.

4. Defendant is an authority of the Commonwealth of Pennsylvania with an address as captioned above.

5. Defendant is the nation's fifth-largest public transit system.

6. Defendant is covered by the Pennsylvania Whistleblower Law because it is a "public body" as that term is defined in 43 P.S. § 1422.

7. Defendant was created by the legislature of the Commonwealth of Pennsylvania on August 17, 1963.

8. Defendant also receives substantial funding from the Commonwealth of Pennsylvania and local agencies.

9. In fiscal year 2021, Defendant will receive sixty-five percent (65%) of its income from Commonwealth or local agencies.

10. At all times relevant hereto, Defendant acted through its agents, servants and employees, each of whom acted in the course and scope of their employment (and specifically including the individuals named in paragraphs 20 and 22, *infra*).

### III.     Jurisdiction and Venue

11. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

12. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over it to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

13. The Court may exercise original subject matter jurisdiction over Count One (Plaintiff's Pennsylvania Whistleblower Law claim) pursuant to 28 U.S.C. § 1332 (diversity

jurisdiction) because it is between citizens of different states and involves an amount in controversy in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

14. The Court may exercise original subject matter jurisdiction over Count Two (Plaintiff's Section 1981 race discrimination claim) pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because it arises under the laws of the United States.

15. The Court may also maintain supplemental jurisdiction over Count One pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because the claims set forth in that count are sufficiently related to the claim(s) within the Court's original federal question jurisdiction over Count Two that they form part of the same case or controversy.

16. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant conducts business in this judicial district and because the acts and omissions giving rise to the claims set forth herein occurred exclusively in this judicial district.

### IV.   Factual Background

17. The foregoing paragraphs are incorporated as if set forth at length.

18. Plaintiff is employed by Defendant as a maintenance manager, most recently at the 69th Street vehicle overhaul facility.

19. Plaintiff is Caucasian.

20. On April 9th, 2021, two African-American employees of Defendant (Scott Marshall and Cory Evans) made an unlawful video and audio recording of Plaintiff without his

knowledge or consent and handed it over to Defendant's management in an effort to have Plaintiff wrongfully disciplined and/or fired.

21. The making and disclosure of the foregoing recording was a third degree felony under Pennsylvania law. *See* 18 Pa. C.S.A § 5703 (1) and (2).

22. Marshall and Evans made and used the foregoing unlawful recording because of racial animus toward Plaintiff.

23. Defendant's Chief Mechanical Officer, Richard Zeigler, made repeated use of the unlawful recording, and selective edits of same, to attempt to wrongfully discipline Plaintiff without basis.

24. The use of the unlawful recording by Defendant and Zeigler was and is a violation of 18 Pa. C.S.A § 5703 (3) and a third degree felony.

25. Upon learning of the unlawful recording, Plaintiff repeatedly advised Defendant and Zeigler that their use of the aforesaid recording was unlawful.

26. Plaintiff's complaints regarding the making and use of the unlawful recording and the criminal wrongdoing of Marshall, Evans and Zeigler were reports of "wrongdoing" or "waste" as those terms are defined in 43 P.S.§ 1422.

27. Plaintiff's complaints also went ignored by Zeigler and Defendant.

28. The unlawful recording was also used to initiate and carry out a baseless disciplinary proceeding against Plaintiff in retaliation for his reports of "wrongdoing" or "waste" as those terms are defined in 43 P.S.§ 1422.

29. Plaintiff was threatened, disciplined, or otherwise retaliated against by Defendant because he made reports of "wrongdoing" (violations by Defendant and its agents of federal and/or state statutes and/or regulations) as that term is defined in 43 P.S.§ 1422 and/or reports of

4

"waste" (conduct or omissions by Defendant and its agents which resulted in substantial abuse, misuse, destruction, or loss of funds belonging to or derived from Commonwealth or political subdivision sources) as that term is defined in 43 P.S. § 1422.

30. At all times relevant hereto, Defendant's agents and employees were personally aware that Plaintiff had made the foregoing reports of wrongdoing and expressed animus toward him for so doing.

31. Plaintiff performed his position with Defendant well and appropriately at all times relevant hereto.

32. There was no legitimate basis for Defendant's effort to discipline Plaintiff.

33. Neither Marshall, Evans or Zeigler faced discipline for their violations of Pennsylvania's criminal laws and/or their other misconduct as set forth above.

34. Zeigler and Defendant were aware at all times relevant herein that Marshall and Evans had committed serious violations of Pennsylvania's criminal laws against Plaintiff, that Marshall and Evans had engaged in racially-motivated adverse actions against Plaintiff, and that Zeigler himself was committing such violations by using the unlawful recording, but continued to use the recording to persecute Plaintiff nonetheless.

35. Plaintiff was on track for a lucrative assistant director position with Defendant that would have resulted in a substantial salary increase, and has now been advised by Defendant that such a position is no longer an option as a result of the above actions against him.

**COUNT ONE – PENNSYLVANIA WHISTLEBLOWER LAW VIOLATIONS**

36. The foregoing paragraphs are incorporated as if set forth at length.

37. In engaging in retaliatory action against Plaintiff as a result of his reports of wrongdoing or waste, Defendant violated section 1423 of the Pennsylvania Whistleblower Law, which provides that:

> [n]o employer may discharge, threaten, or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an incidence of wrongdoing or waste.

38. As a direct result of the actions of Defendant, Plaintiff has incurred and/or will incur lost wages, benefits, and other economic damages.

39. Plaintiff is also entitled to actual damages, including damages for non-economic losses such as pain and suffering, mental anguish, humiliation, and loss of reputation, all of which are recoverable elements of damage under the Pennsylvania Whistleblower Law in light of the Pennsylvania Supreme Court's decision in *Bailets v. Pennsylvania Turnpike Commission,* 168 A.3d 172 (Pa. 2017).

40. Plaintiff is also entitled to equitable and injunctive relief, including removal of any discipline and/or false charges from his record, if applicable, and attorneys' fees and costs.

41. The instant action is timely filed within the 180-day statute of limitations set forth in 43 P.S. § 1424.

   WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), that he be awarded attorneys' fees and costs of suit, and that all other legal, injunctive and equitable relief that the Court deems just and proper be granted to him pursuant to 43 P.S.§ 1424 (a) and other applicable law.

## COUNT TWO - 42 U.S.C. § 1981

42. The foregoing paragraphs are incorporated as if set forth at length.

43. In engaging in intentional discrimination against Plaintiff because of his race (Caucasian), treating him in a disparate manner due to his race, treating African-American employees in a more favorable manner, and failing to discipline them for their criminal actions while pursuing meritless disciplinary action against Plaintiff, Defendant, by and through its agents, violated 42 U.S.C. § 1981.

    WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant for compensatory and punitive damages, that he be awarded attorneys' fees and costs of suit, and that all other legal, injunctive and equitable relief that the Court deems just and proper be granted to him pursuant to applicable law.

Respectfully submitted,

/S/ Wayne A. Ely
Wayne A. Ely, Esquire
225 Lincoln Highway
Building A, Suite 150
Fairless Hills, PA 19030
(215) 801-7979
Attorney for Plaintiff

October 5, 2021